IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01233-RBJ

JUAN CARLOS LUA, as assignee of David Bowser

    Plaintiff,

v.

QBE INSURANCE CORPORATION

    Defendant

---

**PLAINTIFF'S RESPONSES TO DEFENDANT QBE INSURANCE CORPORATION'S FIRST COMBINED WRITTEN DISCOVERY TO PLAINTIFF**

---

Plaintiff, Juan Carlos Lua, by his attorneys, pursuant to Fed. R. Civ. P. 33, 34, and 36 responds as follows to Defendant's First Combined Written Discovery to Plaintiff Juan Carlos Lua ("Plaintiff"):

## INTERROGATORIES

1. Identify every instance in which Plaintiff communicated (whether verbally, in person, by telephone, or email or other written correspondence) with Bowser and/or Bowser, LLC regarding the allegations and claims asserted in the Underlying Case. In responding, please Identify the date of such communication, the manner or method of communication, and the substance of the communication.

    **RESPONSE: Plaintiff has had no communications, whether verbally or in writing, with Bowser or Bowser, LLC.**

**EXHIBIT F**

2. Identify all witnesses that testified, and Documents offered or admitted into evidence, during the arbitration before the Honorable James S. Miller in the Underlying Case. In responding, please Identify the party(ies) that called the witness, the pary(ies) that examined or cross-examined the witness, and the party(ies) that offered the Documents.

**RESPONSE: Juan Carlos Lua (Plaintiff), Perla Gonzales (Plaintiff's spouse), Robert H. Pratt, FCPE (Plaintiff's Expert Witness). All witnesses were called at the behest of Plaintiff and no cross-examination took place. Documents offered or admitted into evidence were previously disclosed and produced with Plaintiff's Fed. R. Civ. P. 26(a)(1) Disclosures.** *See* **Lua Arbitration Documents 000001-000290.**

3. Describe all conduct by Bowser and/or Bowser, LLC which formed the basis of Plaintiff's claims and allegations asserted in the Underlying Case. In responding, Identify the specific acts or conduct giving rise to the allegations, the date such conduct took place, and the damages Plaintiff alleges arose from such conduct.

**RESPONSE: Plaintiff objects to this interrogatory on grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in this case, which concerns whether Defendant was obligated to defend Bowser in the Underlying Case and whether its failure to provide Bowser with a defense was unreasonable. The resolution of the duty to defend issue, under Colorado law, is determined solely through a comparison of the allegations in the underlying complaint with the terms of the relevant insurance policies, and to the extent this interrogatory seeks information extrinsic to these operative documents it is objectionable. Without waiving these objections, Plaintiff refers Defendant to the allegations and claims stated in Plaintiff's**

**Complaint and Amended Complaint filed in the Underlying Case, which documents are publicly available and were previously disclosed as such by Defendant in its initial Rule 26(a)(1) disclosures.**

4. Identify all amounts Plaintiff received in settlement from any defendant to the Underlying Case.

**RESPONSE: Plaintiff received $4,000 from Stubstad and $15,000 from Domaine Real Estate in settlement of the Underlying Case. Plaintiff received $10,000 from the Bowser defendants, as well as the assignment of their rights against their liability insurers, including Defendant QBE, in settlement of his claims against the Bowers defendants in the Underlying Case.**

5. Identify the date(s) on which Bowser and/or Bowser, LLC gave notice of the Underlying Case to QBE.

**RESPONSE: Plaintiff objects to this interrogatory on grounds that it seeks information that is uniquely within Defendant's (as opposed to Plaintiff's) knowledge base. Defendant's April 19, 2016 denial letter indicates that it was first notified of Plaintiff's claims against the Bowser defendants on March 24, 2016.**

6. Identify all owners and/or members of Boswer, LLC and 1601 Hanover, LLC.

**RESPONSE: David Edward Bowser.**

7. Is Your response to each request for admission served with these Interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;

(b) state all facts upon which You base your response;

3

**EXHIBIT F**

(c) state the names, addresses, and telephone numbers of all persons who have knowledge of those facts; and

(d) Identify all Documents and other tangible things that support Your response and state the name, address, and telephone number of the person who has each Document or thing.

**RESPONSE: See individual responses to requests for admission below.**

### REQUESTS FOR ADMISSION

1. Admit that Plaintiff, through counsel, sent to Bowser the letter attached hereto as **Exhibit A** on or around June 2, 2015.

**RESPONSE: Admit.**

2. Admit that all conduct by Bowser giving rise to Plaintiff's claims and allegations in the Underlying Case took place prior to January 1, 2015.

**RESPONSE: Denied. Plaintiff's claims against the Bowser defendants involved representations that were continuing in nature and that extended beyond January 1, 2015.**

Admit that Bowser served as the seller's agent for the real estate transaction between You and Bowser, LLC that was the subject of the Underlying Case.

**RESPONSE: Admit.**

3. Admit that Bowser did not place a home warranty on the Home.

**RESPONSE: Plaintiff can neither admit nor deny this request based on the request's lack of specificity concerning the meaning of the phrase "place a home warranty."**

4

**EXHIBIT F**

## REQUESTS FOR PRODUCTION

1. Produce all correspondence and/or communications, whether electronic, written, or otherwise, between Plaintiff and Bowser and/or Bowser, LLC (including attorney's representing Bowser and/or Bowser, LLC) relating in any way to the Underlying Case, including, but not limited to, communications relating to the settlement agreement entered into between Plaintiff and Bowser/Bowser, LLC, and communications relating to the arbitration hearing held in June 2017.

**RESPONSE: See response to interrogatory no. 1 above. Plaintiff did not communicate with the Bowser defendants or their counsel.**

2. Produce all correspondence Plaintiff sent to Bowser and/or Bowser, LLC relating in any way to the sale of the Home and the allegations asserted in the Underlying Case.

**RESPONSE: Plaintiff incorporates his response to Request for Production No. 1 above.**

3. Produce all written notices of claims Plaintiff (or his attorneys) sent to Bowser and/or Bowser, LLC relating in any way to the claims or allegations of the Underlying Case. In responding, please produce correspondence, any attachments, and any return receipt.

**RESPONSE: All documents responsive to this request were previously disclosed and produced with Plaintiff's Fed. R. Civ. P. 26(a)(1) Disclosures.**

4. Produce copies of all correspondence Identified in response to Interrogatory 1 above.

**RESPONSE: Plaintiff incorporates his response to Request for Production No. 1 above.**

5

**EXHIBIT F**

5. Produce copies of all correspondence (including electronic communications) between Plaintiff and Bowser and/or Bowser, LLC relating in any way to the Home.

**RESPONSE: Plaintiff incorporates his response to Request for Production No. 1 above.**

6. Produce all Documents offered and/or admitted into evidence during the arbitration hearing held in the Underlying Case in June 2017.

**RESPONSE: All documents responsive to this request were previously disclosed and produced with Plaintiff's Fed. R. Civ. P. 26(a)(1) Disclosures.**

7. Produce complete transcripts of the arbitration hearing held in the Underlying Case in June 2017.

**RESPONSE: Plaintiff does not have a transcript of the proceedings.**

8. Produce copies of all Documents relating in any way to Bowser, LLC's purchase of the Home from Jason Kartler on or around October 23, 2013.

**RESPONSE:  Please see the documents previously disclosed and produced with Plaintiff's Fed. R. Civ. Pro. 26(a)(1) Disclosures as Bowser Disclosures 000001-000217.**

9. Produce cover to cover files of any expert witness Plaintiff retained or consulted in the Underlying Case.

**RESPONSE: Plaintiff objects to this request for production to the extent it seeks privileged and confidential information, i.e., the files of consulting experts who were not disclosed in the Underlying Case.  The file of Plaintiff's retained engineering expert, Peter Marxhausen, M.S., P.E., may be accessed at the following Dropbox Link:**

https://www.dropbox.com/sh/ekb6onxzh1d6zbv/AACQ6el_KDU6vDO00kPMgxjQa?dl=0

10. Produce cover to cover files of any expert witness Plaintiff endorses or expects to call as a witness in this lawsuit.

**RESPONSE: Plaintiff objects to this request to the extent it seeks the premature disclosure of expert witnesses in contravention of the Federal Rules of Civil Procedure and the Scheduling Order entered in this matter, and seeks information beyond that which Plaintiff is required to disclose under Fed. R. Civ. P. 26(a)(2). Plaintiff will provide all information that is required to be disclosed by Rule 26(a)(2) on or before the deadline set forth in Scheduling Order for the production of said materials.**

11. Produce all discovery (including, but not limited to, initial disclosures, written discovery requests and responses, Document production, expert disclosures, and deposition transcripts and exhibits) from the Underlying Case.

**RESPONSE: All documents responsive to this request were previously disclosed and produced with Plaintiff's Fed. R. Civ. P. 26(a)(1) Disclosures.**

12. Produce a copy of any assignment of rights or settlement agreement, and any and all communications regarding such assignment of rights or settlement agreement, between Plaintiff and Bowser and/or Bowser, LLC, and relating in any way to the Underlying Case.

**RESPONSE: All documents responsive to this request were previously disclosed and produced with Plaintiff's Fed. R. Civ. P. 26(a)(1) Disclosures.**

13. Produce copies of all settlement agreements between Plaintiff and each defendant to the Underlying Case.

**RESPONSE: Settlement agreements may be accessed by following the Dropbox Link below:**

7

**EXHIBIT F**

https://www.dropbox.com/s/7p26e1b2tz9qhxy/Lua%20Discovery%20Documents.pdf?dl=0

14.     Produce all Documents supporting or relevant to Your damages in this lawsuit and in the Underlying Case.

**RESPONSE: All documents responsive to this request were previously disclosed and produced with Plaintiff's Fed. R. Civ. P. 26(a)(1) Disclosures.**

15.     Produce all correspondence between You, Bowser, or Bowser, LLC with QBE relating in any way to the Underlying Case.

**RESPONSE: All documents responsive to this request have been previously disclosed and produced in connection with the parties' respective Fed. R. Civ. P. 26(a)(1) Disclosures.  Plaintiff has no additional documents to disclose in response to this request beyond those which have been previously produced.**

Dated this 26th day of November, 2018.

                                  THE GOLD LAW FIRM

                                  BY: */s/ Michael J. Rosenberg*
Michael J. Rosenberg, No. 27471
The Gold Law Firm, LLC
7375 East Orchard Road, Suite 300
Greenwood Village, CO 80111
Telephone: (303) 694-4653
Fax: (303) 468-6155
Attorney for Plaintiffs

EXHIBIT F

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2018, a true and correct copy of the foregoing was served via email upon the parties as follows:

**Attorney for Plaintiff:**

Brian Murphy, Esq.
The Murphy Law Firm, LLC
10200 West 44th Avenue, Suite 340
Wheat Ridge, CO 80033

**Attorneys for Defendant:**

Peter J. Morgan, Esq.
Evan P. Lee, Esq.
Morgan Rider Riter Tsai, P.C.
1512 Larimer Street, Suite 450
Denver, CO 80202

*s/Kelly McManamon*
Kelly McManamon, Paralegal

**EXHIBIT F**